UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT L. HOLLEMAN,           )
                              )
            Plaintiff,        )
                              )   CAUSE NO. 3:18CV490-PPS
      vs.                     )
                              )
MR. ZENK, *et al.*,           )
                              )
            Defendants.       )

## OPINION AND ORDER

Robert L. Holleman, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Holleman is currently incarcerated at the Wabash Valley Correctional Facility ("Wabash"). He sues for events that took place at the Lake County Jail in May and July of 2018. Holleman was briefly incarcerated at the Lake County Jail twice this year to attend scheduled court hearings in connection with pursing post-conviction relief. On both occasions, he arrived at the jail with various exhibits, motions and legal materials. The Lake County Jail has a policy that did not allow him to keep possession of his legal materials. He claims this policy made it hard for him to "prepare for his evidentiary hearing" that he is litigating in Cause No. 4CR2661176978. Additionally, when he did receive his legal materials, the staples had been removed and the papers were all mixed up and thrown into two bags. As a result, Holleman was not prepared for the hearing, and the hearing had to be rescheduled. The defendants' policy and practice, Holleman claims, infringed on his right to access the courts in connection with his post-conviction proceeding.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of

access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Holleman must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Here, Holleman's allegations do not meet this standard. He indicates that his post-conviction proceeding is still pending. As such, there is no basis for inferring that he has suffered any actual injury. *see In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal

citation omitted). Though the alleged policy seems questionable and the alleged actions of the jail staff appear troubling, Holleman makes no mention that he has suffered any prejudice in his post-conviction case – nor does he suggest there has been any other concrete injury as a result of his inability to access his legal materials.

At most, Holleman explains that his post-conviction proceedings were briefly delayed as a result of the defendants' policies and practices. However, a mere delay in litigation is insufficient to demonstrate injury. "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). In *Johnson*, the Seventh Circuit found that a delay of more than a year did not constitute actual injury because there was no indication that the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id.* The same is true here. Because Holleman has not alleged any actual injury in the state post-conviction proceeding, he "cannot prevail on his access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (*citing Lewis v. Casey*, 518 U.S. 343, 350 (1996).

Because the facts alleged here do not permit me to plausibly infer that Holleman's inability to access his legal materials resulted in any actual injury to his post-conviction proceeding, the complaint does not state a claim for which relief can be sought. However, because it cannot be determined whether Holleman will suffer any future injury in that case, the dismissal will be without prejudice. Should Holleman suffer any future actual injury, he will be free to re-file a new case at that time.

ACCORDINGLY:

The complaint is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED on October 9, 2018.

    /s/Philip P. Simon_____
Judge
United States District Court